UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GRACE A KELLY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-385 |
| | § | |
| CLAUDIO CID, PHR, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Claudio Cid's Motion to Dismiss. (D.E. 12.) For the reasons stated herein, the motion to dismiss is GRANTED. Claudio Cid is hereby DISMISSED from this action. It is further ORDERED that *pro se* Plaintiff Grace Kelley has fourteen (14) days in which to amend her complaint to sue and serve the proper entity in order to state a cause of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, or her action will be dismissed.

**I.      Jurisdiction**

The court has federal question jurisdiction over the Plaintiff's case pursuant to 28 U.S.C. § 1331 as the plaintiff brings claims under the ADA, 42 U.S.C. §§ 12102, *et seq*.

**II.     Background**

On November 12, 2010, Plaintiff Grace Kelly filed her Original Complaint, alleging violations of the ADA, along with an application to proceed In Forma Pauperis in the Western District of Texas, Austin Division. The defendant named in the Complaint was "Mr. Claudio Cid, PHR, Director of Human Resources Omni Corpus Christi Hotel." (D.E. 7.) The case was transferred to the Southern District on December 1, 2010.

On January 3, 2011, U.S. Magistrate Judge Brian L. Owsley held a telephonic hearing on Plaintiff's application to proceed In Forma Pauperis. On January 4, 2011, Judge Owsley ordered Kelly to pay the fee in monthly installments of no less than $87.50 per month on or before the first of each month. Judge Owsley also ordered Kelly to "provide the Clerk of the Court with copies of summonses no later than ten business days from the date of this Order." (D.E. 5.)

Kelly failed to provide summonses and failed to make her first payment due on February 1, 2011. However, on February 16, 2011, Kelly sent the first installment payment along with an explanatory letter. (D.E. 6.) Kelly then failed to make her second payment, due March 1, 2011.

On March 7, 2011, the Court ordered Kelly to comply with Magistrate Judge Owsley's Order, and provide the Clerk of Court with copies of summonses and the next payment installment within ten days. On March 16, 2011, Kelly provided the Clerk of Court with a summons addressed to:

> Mr. Claudio Cid, PHR Director of Human Resources
> Omni Corpus Christi Hotel
> 900 N. Shoreline
> Corpus Christi, TX 78401

(D.E. 10.)

Defendant Cid was served with notice of the lawsuit on March 16, 2011. (Id.) On March 30, 2011, Plaintiff made her third installment payment.

Defendant Cid now moves to dismiss Plaintiff's claims under Rule 12(b)(6). (D.E. 12.)

### III.   Discussion

#### A.   Legal Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[W]hile a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.. Twombly, 550 U.S. 544 (2007). Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). When a plaintiff pleads factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id.

The court possesses the inherent authority to dismiss an action with or without motion by a defendant. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). The Fifth Circuit has held that a "district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.' " Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir.1998); see also McCoy v. Wade, 2007 WL 1098738, *1 (W.D.La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties) (citing Magourik v. Phillips, 144 F.3d 348, 359 (5th Cir.1998)); Morris v. Wyeth, Inc., 2009 WL 5342507, *3 (W.D.La., 2009).

### B.     Analysis

The basis of the Defendant's motion to dismiss is that Plaintiff has sued an individual employee who is not an "employer" subject to suit under the ADA.

The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person. " 42 U.S.C. §12111(5)(A). The ADA provides that it is to be enforced in the same manner as Title VII. 42 U.S.C. §12117.

Under Title VII, "[o]nly 'employers' as defined in Title VII are prohibited from discriminating against individuals with respect to their "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1).  Thus, the relationship between the plaintiff and defendant in a Title VII action must be one of 'employment.'" Smith v. Amedisys Inc., 298 F.3d 434, 442 (5th Cir. 2002).

"[W]hile 42 U.S.C. § 2000e(b) defines the term employer to include 'any agent' of an employer, the Fifth Circuit does not interpret this statute as imposing individual liability for such a claim." Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); see also Smith v. Amedisys, Inc., 298 F.3d 434, 449 (5th Cir. 2002). Rather, "Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate respondent superior liability into Title VII." Id. (citing Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir.1994)).

As such, a plaintiff's supervisors and fellow employees may not be sued in their individual capacities for damages under Title VII or under the ADA.  See Whipple v. Favorite, 2009 U.S. Dist. LEXIS 89673 (S.D. Tex. Sept. 29, 2009) (dismissing from law suit supervisors and fellow employees of plaintiff under Rule 12(b)(6) for failure to state a claim); see also §12117.

In this case, Plaintiff named Claudio Cid, Director of Human Resources for the Omni Hotel, as the only defendant in her complaint.  Plaintiff requests the immediate termination of Claudio Cid for his "reprehensible conduct in contributing to the unnecessary and wrongful handling of [plaintiff's] injury as well as prolonging [her] pain, suffering and financial loss due to his disregard for the Omni's 'do the right thing' policy and other policies." (D.E. 1 at 4.)

Mr. Cid is an individual and not an "employer" for purposes of either Title VII or the ADA. <u>Indest</u>, 164 F.3d at 262. Because Plaintiff cannot state a claim against Mr. Cid under either of these statutes, the Court hereby dismisses Mr. Cid from this case.

However, the Plaintiff may still have a cause of action against her employer, the Omni Corpus Christi Hotel. The Court grants Plaintiff leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2). The Plaintiff has fourteen (14) days in which to amend her complaint in order to sue and serve the correct entity, or her complaint will be dismissed. Fed. R. Civ. P. 15(a)(2).

### IV.   Conclusion

For the reasons stated above, Defendant Claudio Cid's Motion to Dismiss (D.E. 12) is GRANTED. Claudio Cid is hereby DISMISSED from this action. It is further ORDERED that *pro se* Plaintiff Grace Kelley has fourteen (14) days in which to amend her complaint to sue and serve the proper entity and state a cause of action under the ADA, or her action will be dismissed.

SIGNED and ORDERED this 7th day of April, 2011.

_____
Janis Graham Jack
United States District Judge